# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2014 WY 149

*October Term, A.D. 2014*

**November 19, 2014**

| | |
|---|---|
| BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,<br><br>Petitioner,<br><br>v.<br><br>DON FRANKLIN SHREVE, JR.,<br><br>Respondent. | D-12-0001 |

## ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW

[¶1]   **This matter** came before the Court upon a "Report and Recommendation for Reciprocal Order of Suspension," filed herein October 21, 2014, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Sections 20 (reciprocal discipline) and 16 (stipulated discipline) of the Disciplinary Code for the Wyoming State Bar.  After a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, this Court finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent, Don Franklin Shreve, Jr., should be suspended from the practice of law for five years, consistent with the discipline imposed by the Nevada Supreme Court.  It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reciprocal Order of Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that, consistent with the discipline imposed by the Nevada Supreme Court and as a result of the conduct set forth in the Report and Recommendation for Reciprocal Order of Suspension, Respondent, Don Franklin Shreve, Jr., shall be, and hereby is, suspended from the practice of law for a period of five years.

The effective date of the suspension shall be February 10, 2012 (the effective date of Respondent's interim suspension); and it is further

[¶4]  **ORDERED** that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar.  That Section governs the duties of disbarred and suspended attorneys; and it is further

[¶5]  **ORDERED** that before seeking reinstatement to the practice of law in Wyoming, Respondent shall take and pass the Uniform Bar Examination in Wyoming; and it is further

[¶6]  **ORDERED** that, upon seeking reinstatement, Respondent shall be required to show sufficient evidence of restitution to Farmers Insurance Exchange; and it is further

[¶7]  **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Respondent shall reimburse the Wyoming State Bar the amount of $50.00, representing the administrative costs incurred in handling this matter, as well as pay an administrative fee of $500.00, by paying the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before December 31, 2014; and it is further

[¶8]  **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation for Reciprocal Order of Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶9]  **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation for Reciprocal Order of Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶10]  **ORDERED** that the Clerk of this Court cause a copy of the Order Suspending Attorney from the Practice of Law to be served upon Respondent, Don Franklin Shreve, Jr.

[¶11]  **DATED** this 19th day of November, 2014.

BY THE COURT:

/s/

**E. JAMES BURKE**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

OCT 2 1 2014

CAROL THOMPSON, CLERK
by DEPUTY

BEFORE THE SUPREME COURT
STATE OF WYOMING

In the matter of            )
DON FRANKLIN SHREVE, JR.,   )
WSB # 6-4028,           )    WSB Nos. 2011-164 & 2012-022
                    )
Respondent.          )

D-12-0001

## REPORT AND RECOMMENDATION
## FOR RECIPROCAL ORDER OF SUSPENSION

THIS MATTER having come before the Board of Professional Responsibility pursuant to Bar Counsel's stipulated motion for reciprocal suspension of Respondent, and the Board having reviewed the stipulated motion, the affidavit of Respondent in support thereof, and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS:

### FINDINGS OF FACT

1.     Respondent has been licensed to practice law in the State of Wyoming since 2008, and prior to his interim suspension maintained a practice in Cody, Wyoming. Since 1991, Respondent has been a member of the Nevada State Bar. Other than the above-captioned matter, Respondent has not been the subject of any professional discipline in Wyoming.

2.     During 2011, Bar Counsel received information from David A. Clark, Bar Counsel for Nevada, that Respondent was the respondent in a disciplinary proceeding in Nevada in which Respondent was alleged to have received a $35,000 check from an insurance company but failed to remit the funds to the client. According to Mr. Clark, Respondent had refused to communicate with the office of Nevada Bar Counsel, despite numerous attempts to reach him over the course of more than a year. Nevada Bar Counsel had instituted disciplinary proceed-

1

ings seeking Respondent's disbarment, based upon the allegations of professional misconduct and Respondent's lack of cooperation.

3. Following receipt of this information from Mr. Clark, on July 25, 2011, Bar Counsel telephoned Respondent at his office in Cody and told him what Bar Counsel had learned from Mr. Clark. Respondent told Bar Counsel he had been out of the office, but was intending to respond to the Nevada disciplinary action. Bar Counsel communicated that information to Mr. Clark.

4. On September 6, 2011, a hearing was held in the Nevada disciplinary proceeding. Respondent failed to appear. A hearing panel of the Southern Nevada Disciplinary Board took evidence and voted unanimously to recommend Respondent's disbarment to the Nevada Supreme Court.

5. The hearing panel's findings in support of the recommendation for Respondent's disbarment included:

a. Respondent received a $35,000 settlement check during 2009 (after Respondent had been admitted to practice in Wyoming), and gave written assurance to his insurance company client, Century-National Insurance Company ("Century-National"), that $10,000 of this sum would be paid to the insured and the balance, $25,000, would be remitted to his insurance company client.

b. Respondent deposited the settlement check into his trust account.

c. Over a period of months, Century-National made numerous attempts to contact Respondent by phone and correspondence. Respondent failed to respond.

d. After Century-National complained to the Nevada State Bar, Respondent failed to respond to numerous inquiries from Nevada Bar Counsel.

e. Documents subpoenaed from Respondent's bank reflect that the settlement check was deposited into Respondent's trust account in March of 2009, and that by the end of August, 2009, Respondent's trust account had a balance of approximately $4,000.

f. Respondent failed to disburse any of the $25,000 to Century-National.

6. The hearing panel found clear and convincing evidence that Respondent had violated the following of Nevada's Rules of Professional Conduct, which are comparable to Wyoming's: 1.3 (diligence); 1.4 (communication); 1.5 (fees); 1.15 (safekeeping property); 1.16 (declining or terminating representation); 8.1(b) (bar admission and disciplinary matters); and 8.4 (misconduct). The misconduct found by the hearing panel would also constitute violations of the comparable Wyoming Rules of Professional Conduct.

7. The hearing panel found several aggravating factors which justify an increase in the degree of discipline to be imposed, including (1) Respondent had a dishonest motive; (2) bad faith obstruction of the disciplinary process by intentionally failing to comply with rules or order; (3) refusal to acknowledge the wrongful nature of conduct; (4) substantial experience in the practice of law (Respondent was admitted to practice in Nevada in 1991); and (5) indifference to making restitution.

8. On October 6, 2011, the hearing panel issued its Findings of Fact, Conclusions of Law, and Recommendation to Nevada Supreme Court, recommending that Respondent be disbarred from the practice of law.

9. On November 21, 2011, Bar Counsel received a complaint against Respondent from Century-National, reiterating the allegations that had been the subject of the Nevada disciplinary proceeding. A copy of the complaint was mailed to Respondent on November 22, 2011, with a transmittal letter asking for his written response by December 6, 2011.

10. Respondent did not timely respond to the Wyoming complaint.

3

11. On January 12, 2012, Bar Counsel filed a Petition for Interim Suspension of Respondent pursuant to Section 17(a) of the Disciplinary Code. Respondent was served with a copy of the Petition by regular and certified mail. Under the Disciplinary Code, Respondent had 15 days to file a response to the Petition. Respondent failed to respond.

12. On February 1, 2012, the Wyoming Supreme Court issued an Order for Respondent's interim suspension, effective February 10, 2012. The Order directed Bar Counsel to file a formal charge against Respondent within 15 days.

13. On February 14, 2012, Bar Counsel filed a Formal Charge and Recommendation for Reciprocal Discipline. Respondent engaged P. Craig Silva to represent him, and filed an answer to the formal charge on March 5, 2012. Respondent also engaged Nevada counsel to represent him in the disciplinary proceeding in that state, and paid the $25,000 he owed to Century-National.

14. On May 25, 2012, the parties agreed to put the Wyoming disciplinary proceeding on hold pending the Nevada Supreme Court's decision with respect to the recommendation of the Nevada hearing panel for Respondent's disbarment in Nevada. Respondent agreed not to engage in the practice of law in Wyoming for so long as the Wyoming proceeding was stayed, and agreed that Bar Counsel may file an amended formal charge to assert new matters that had come to Bar Counsel's attention.

15. On May 29, 2012, Board Chair Jenifer E. Scoggin entered an order for stay of proceedings. The order allowed Bar Counsel to file an amended formal charge and provided that Respondent would not be required to file an answer during the pendency of the stay.

16. On May 29, 2012, Bar Counsel filed an amended formal charge which, in addition to the allegations of the original formal regarding Respondent's handling of the Century-National settlement funds, contained new allegations regarding Respondent's failure to fulfill

4

his professional obligations to his client, Farmers Insurance Exchange, in ten different matters. Farmers had sued Respondent in Nevada and obtained a default judgment against Respondent in the amount of $91,052.49.

17. After the Order staying the Wyoming proceedings was entered, the Nevada disciplinary action continued to evolve. The Southern Nevada Disciplinary Board hearing panel indicated its willingness hear mitigating evidence regarding Respondent's handling of the Century-National settlement funds. Respondent's counsel filed a motion with the Nevada Supreme Court to remand the case for that purpose.

18. Meanwhile, Nevada Bar Counsel filed a new disciplinary complaint relating to Respondent's dealings with Farmers, whom Respondent represented in a number of subrogation cases. The new complaint alleged that in ten of those cases Respondent failed to diligently prosecute the cases, failed to remit settlement funds to Farmers, failed to communicate, and failed to respond to attempts at contact and resolution.

19. On July 22, 2013, the Nevada Supreme Court issued an order remanding the Century-National matter for consideration of mitigating evidence. On October 10, 2013, the Nevada Supreme Court temporarily suspended Respondent pending a hearing in both the Century-National matter and the new disciplinary complaint regarding Respondent's dealings with Farmers.

20. On January 30, 2014, a disciplinary panel of the Southern Nevada Disciplinary Board conducted a hearing to consider mitigating evidence in the Century-National matter and all evidence in the Farmers matter. The panel found that in the Farmers matter Respondent had committed violations of Rule 1.1 (competence), Rule 1.2 (scope of representation), Rule 1.3 (diligence), Rule 1.4 (communication), Rule 3.2 (expediting litigation), Rule 3.4 (fairness to op-

5

posing party and counsel), Rule 8.1 (bar admission and disciplinary matters) and Rule 8.4 (misconduct).

21. In determining the appropriate sanction, the panel found that Respondent had no disciplinary record prior to the Century-National matter and that he had suffered emotional problems during the time frame at issue due to significant life events. The panel noted that Respondent had failed to remit the funds he owed to Century-National until after the panel had issued its initial recommendation for disbarment. The panel found several aggravating factors, including (1) prior disciplinary offenses (the Century-National matter), (2) a pattern of misconduct, (3) multiple offenses, and (4) substantial experience in the practice of law. The panel recommended that Respondent be suspended from the practice of law for five years with conditions precedent to a petition for reinstatement.

22. On July 7, 2014, the Nevada Supreme Court entered an order approving the hearing panel's recommendation and suspending Respondent from the practice of law for a period of five years, effective January 30, 2014. Before Respondent can petition for reinstatement in Nevada, he must take and pass the Nevada bar examination and pay restitution to Farmers. A copy of the Nevada Supreme Court's order of suspension is attached hereto.

23. Respondent has been advised of his right under Section 20 of the Disciplinary Code for the Wyoming State Bar to a hearing before any reciprocal discipline is imposed. Respondent has elected to waive his right to such hearing, and to consent to the entry of a reciprocal Order of Suspension for violation of Rule 1.1 (competence), Rule 1.2 (scope of representation), Rule 1.3 (diligence), Rule 1.4 (communication), Rule 1.5 (fees), Rule 1.15 (safekeeping property); Rule 1.16 (declining or terminating representation), Rule 3.2 (expediting litigation), Rule 3.4 (fairness to opposing party and counsel), Rule 8.1 (bar admission and disciplinary matters) and Rule 8.4 (misconduct) of the Wyoming Rules of Professional Conduct.

6

24. Respondent agrees, and the Board recommends, that the Court enter a reciprocal, five year order of suspension, said suspension to run from February 10, 2012, the date of Respondent's interim suspension by the Wyoming Supreme Court.

25. Respondent further agrees, and the Board recommends, that before Respondent seeks reinstatement to the Wyoming State Bar he be required to take and pass the Uniform Bar Examination in Wyoming.

26. Respondent further agrees, and the Board recommends, that before Respondent be reinstated to the Wyoming State Bar he must provide sufficient evidence of having made restitution to Farmers.

27. Respondent agrees, and the Board recommends, in the event this recommendation is accepted and a reciprocal order of suspension is entered by the Wyoming Supreme Court, that Respondent will be required to pay an administrative fee in the amount of $500.00 and costs in the amount of $50.00 to the Wyoming State Bar within ten (10) days of the date of the Court's order.

## CONCLUSIONS OF LAW

28. Section 20 of the Disciplinary Code for the Wyoming State Bar provides that an order of reciprocal discipline may be entered against members of the Bar who have been disciplined in other jurisdictions.

29. The discipline imposed upon Respondent in Nevada should also be imposed in Wyoming in the form of a five (5) year suspension commencing February 10, 2012.

## RECOMMENDATION

The Board of Professional Responsibility recommends that Respondent:

(1) receive a five (5) year suspension, effective February 10, 2012, for violation of Rule 1.1 (competence), Rule 1.2 (scope of representation), Rule 1.3 (diligence), Rule 1.4 (communi-

7

cation), Rule 1.5 (fees), Rule 1.15 (safekeeping property); Rule 1.16 (declining or terminating representation), Rule 3.2 (expediting litigation), Rule 3.4 (fairness to opposing party and counsel), Rule 8.1 (bar admission and disciplinary matters) and Rule 8.4 (misconduct) of the Wyoming Rules of Professional Conduct;

(2) before seeking reinstatement to the practice of law in Wyoming, be required to take and pass the Uniform Bar Examination in Wyoming;

(3) upon seeking reinstatement, be required to show sufficient evidence of restitution to Farmers Insurance Exchange; and

(4) be ordered to pay the administrative fee in the amount of $500.00 and administrative costs of $50.00 within ten (10) days of approval of this report and recommendation by the Wyoming Supreme Court.

Dated October 16, 2014.

Jenifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar

8

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was served upon Respondent this ___21st___ day of October, 2014, by United States mail, first class postage prepaid and correctly addressed as follows:

Don Franklin Shreve, Jr.
1008 North Street
Cody, WY 82414-3854

P. Craig Silva
Williams, Porter, Day & Neville, P.C.
159 North Wolcott Street, Suite 400
P.O. Box 10700
Casper, WY 82602

# IN THE SUPREME COURT, STATE OF WYOMING

## 2012 WY 11

*October Term, A.D. 2011*

_____*February 1, 2012*_____

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

DON FRANKLIN SHREVE, JR.,

Respondent.

D-12-0001

## ORDER OF INTERIM SUSPENSION

[¶1]   **Pursuant to** Section 17 of the Disciplinary Code for the Wyoming State Bar, Bar Counsel for the Wyoming State Bar filed, on January 12, 2012, a "Petition for Interim Suspension of Attorney." The Court, after a careful review of the Petition for Interim Suspension, the affidavit of Bar Counsel, and the other materials attached to the petition, concludes that the petition for interim suspension should be granted and that Respondent should be suspended from the practice of law pending resolution of the formal charge that has been, or will be, filed against Respondent. See Section 17(c) ("Within fifteen (15) days of the entry of an order of interim suspension, Bar Counsel shall file a formal charge.") It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that, effective February 10, 2012, the Respondent, Don Franklin Shreve, Jr., shall be, and hereby is, suspended from the practice of law, pending final resolution of the formal charge that has been, or will be, filed against him; and it is further

[¶3]   **ORDERED** that, during the period of interim suspension, Respondent shall comply with the requirements of the Disciplinary Code for the Wyoming State Bar, particularly the requirements found in Section 22 of that code; and it is further

[¶4]   **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Interim Suspension shall be published in the Pacific Reporter; and it is further

[¶5]   **ORDERED** that the Clerk of this Court shall transmit a copy of this Order of Interim Suspension to the  Respondent,  Bar  Counsel,  members of the Board of Professional Responsibility,  and the clerks of the appropriate courts of the State of Wyoming.

[¶6]   **DATED** this 1ˢᵗ day of February, 2012.

BY THE COURT:

/s/

**MARILYN S. KITE**
**Chief Justice**

An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DON SHREVE, JR., BAR NO. 4382.

IN THE MATTER OF DISCIPLINE OF
DON SHREVE, JR., BAR NO. 4382.

No. 59634

No. 65321

**FILED**

JUL 07 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendations for attorney discipline deriving from two state bar complaints. SCR 105(3)(b). The panel recommended that Don Shreve, Jr. be suspended from the practice of law for a term of five years with conditions precedent to a petition for reinstatement. We approve.

We previously considered part of this matter when we temporarily suspended Shreve pending the resolution of the underlying disciplinary proceedings against him and remanded the matter for the panel to consider additional evidence and argument. *In re: Discipline of Shreve*, Docket No. 59634 (Order of Temporary Suspension, October 10, 2013); *In re: Discipline of Shreve*, Docket No. 59634 (Order of Remand, July 22, 2013).

Pursuant to our order, the panel conducted a formal hearing on January 30, 2014, to consider mitigating evidence in State Bar

Effective Date: 07-07-14
NV Bar Number: 4382

 

14-21940

Complaint No. 10-071-1375 and all evidence in State Bar Complaint No. SG12-0672. The record of the hearing demonstrates that Shreve failed to remit client funds, commingled client funds with non-client funds, failed to represent his clients diligently, and failed to communicate with his clients or to respond to the state bar.

According to State Bar Complaint No. 10-071-1375, Shreve represented Century-National Insurance Company in a civil action, which settled for $35,000. Shreve received the settlement funds and informed Century-National that he would pay the insured the previously agreed-upon $10,000 and remit the balance to Century-National. He failed to follow through and remit payment to Century-National, and he failed to respond to Century-National's numerous attempts to contact him. In addition, Shreve then failed to respond adequately to the State Bar's investigatory communications or to its complaint.[1]

According to State Bar Complaint No. SG12-0672, Shreve represented Farmers Insurance Exchange in a number of subrogation cases. In ten of those cases he failed to diligently prosecute the cases, failed to remit settlement funds to Farmers, failed to communicate, and

[1] In Docket No. 59634 the hearing panel recommended this court disbar Shreve based on State Bar Complaint No. 10-071-1375. Because Shreve failed to participate in the disciplinary proceedings, the panel entered its findings and recommendation by default. While the recommendation was pending in this court, Shreve submitted a request for a remand to allow the panel to consider mitigating factors. The panel indicated its willingness, and the state bar indicated that additional allegations against Shreve were forthcoming. We remanded for resolution of all the issues. Based on the court's decision in this matter today, the proceedings pending against Shreve in Docket No. 59634 are resolved and closed.

failed to respond to attempts at contact and resolution. Farmers sued Shreve in district court, Shreve failed to participate in the litigation, and Farmers obtained a default judgment against Shreve. The State Bar alleged violations of the Rules of Professional Conduct with respect to the subrogation cases, Shreve's failure to respond to the Farmers lawsuit, and his failure to respond to the State Bar.

In total, the hearing panel made findings that with respect to Farmers, Shreve committed seven violations of RPC 1.1 (competence), one violation of RPC 1.2 (scope of representation), seven violations of 1.3 (diligence), ten violations of RPC 1.4 (communication), five violations of RPC 3.2 (expediting litigation) one violation of RPC 3.4 (fairness to opposing party and counsel), one violation of RPC 8.1 (bar admission and disciplinary matters), and 12 violations of RPC 8.4 (misconduct).

The panel found that Shreve had no disciplinary record prior to the proceedings in Complaint No. 10-071-1375 and that he suffered emotional problems during the time frame at issue due to significant life events. In addition, he had a history of good character and reputation and showed substantial remorse. On the other hand, he failed to remit his client's funds until four years after he received them, and did so only after the panel had issued its initial findings of fact and conclusions of law and recommendation for disbarment. The panel found the following four aggravators: (1) prior disciplinary offenses, based on Complaint No. 10-071-1375; (2) a pattern of misconduct; (3) multiple offenses; and (4) substantial experience in the practice of law.

The findings and recommendations of a disciplinary board hearing panel, though persuasive, are not binding on this court. *In re Stuhff,* 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). The automatic review

of a panel decision recommending a suspension is conducted de novo, requiring the exercise of independent judgment by this court. *Id.*; SCR 105(3)(b). The panel's findings must be supported by clear and convincing evidence. SCR 105(2)(e); *In re Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the proper disciplinary sanction, this court considers four factors: (1) the duty violated, (2) the lawyer's mental state, (3) the potential or actual injury caused by the lawyer's misconduct, and (4) the existence of aggravating or mitigating circumstances. *In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (citing American Bar Association Standards for Imposing Lawyer Sanctions 3.0, *Compendium of Professional Responsibility Rules and Standards*, 344 (1999)). The primary objective of attorney discipline is not further punishment of the attorney, but rather protection of the public and protection of the public's confidence in the legal profession. *State Bar of Nevada v. Claiborne*, 114 Nev. 115, 129, 756 P.2d 464, 473 (1988).

We conclude that the record before us demonstrates that Shreve committed the misconduct and violations of the Rules of Professional Conduct as found by the hearing panel. The panel's recommendation is an appropriate sanction.

Accordingly, attorney Don Shreve, Jr. is hereby suspended from the practice of law for five years, effective January 30, 2014. Before he may petition for reinstatement pursuant to SCR 116, Shreve must take and pass the Nevada bar exam and the Multistate Professional Responsibility Exam and pay restitution to Farmers Insurance Exchange.

Shreve is ordered to pay the costs of the disciplinary proceedings against him within 90 days. *See* SCR 120. The parties shall also comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                            Hardesty

_____, J.          _____, J.
Parraguirre                                        Douglas

_____, J.          _____, J.
Cherry                                                Saitta

cc:    David A. Clark, Bar Counsel
       Jeffrey A. Albregts, Chair, Southern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Michael J. Warhola, LLC
       Perry Thompson, Admissions Office, United States Supreme Court